IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JOHN D. LEVITAN,**
   **Petitioner,**

**vs.**            **Case No. 3:04cv403/RV/MD**

**DONALD F. BAUKNECHT,**
   **Respondent.**

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 3). Respondent has filed an answer. (Doc. 4). Although given the opportunity to respond, petitioner has not done so. (*See* docs. 7, 8, 9, & 10).

In this habeas proceeding, petitioner raises a single ground for relief. He contends the Federal Bureau of Prisons ("BOP") has wrongly interpreted 18 U.S.C. 3624(b)(1), thereby depriving him of the possibility to earn a maximum of 54 days of good conduct time for each of the years he has been sentenced to serve. However, because he has failed to exhaust his administrative remedies, the court is without jurisdiction to consider the petition and it must be dismissed.

### BACKGROUND

Petitioner is a federal prisoner convicted of conspiracy in violation of 18 U.S.C. § 371and money laundering in violation of 18 U.S.C. § 1956. He was sentenced to a term of 168 months imprisonment. He is currently housed at the Federal Prison Camp in Pensacola, and has a projected Good Conduct Release Date of October 25, 2007. (Doc. 4, exh. 8). For each year of his incarceration, petitioner

could earn 54 days of "good conduct time" ("GCT") available under the GCT statute, 18 U.S.C. § 3624(b), as interpreted by the BOP. The BOP estimates that if petitioner continues this good conduct, he could earn a total of 658 days GCT to be credited toward his sentence. This calculation is based on fifty-four days of earned GCT per year for each complete year petitioner actually has served, plus a prorated amount of GCT for the last portion of the year he actually serves. (Doc. 4 at 16, exh. 8). Petitioner alleges, however, that he is entitled to 756 days of GCT under 18 U.S.C. § 3624(b)(1). (Doc. 3).

## DISCUSSION

Respondent argues that the court does not have jurisdiction over the petitioner's claim because he has not exhausted his administrative remedies.

It is well established that prisoners must exhaust administrative remedies before habeas relief can be granted, including relief pursuant to § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632, 634 (2nd Cir. 2001) (addressing § 2241 petition); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (discussing habeas petitions in general); *United States ex rel. Sanders v. Arnold*, 535 F.2d 848, 850-51 (3rd Cir. 1976) (same); *Willis v. Ciccone*, 506 F.2d 1011, 1014-15, n. 3 (8th Cir. 1974) (same). This requirement is jurisdictional. *Winck v. England,* 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam) (same); *cf. Boz v. United States*, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (Also jurisdictional is "[t]he general rule ... that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.") (internal quotation marks and citation omitted).

The Bureau of Prisons provides a four-level administrative grievance

procedure for prisoner complaints.  28 C.F.R. § 542.10-542.16.  Initially, prisoners must seek resolution of issues through informal grievances.  *Id.* at § 542.13(a).  If unsuccessful, an inmate may then file a formal written complaint with the institution.  *Id.* at § 543.13(b).  An appeal may then be taken to the Regional Director.  *Id.* at § 542.15.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP.  *Id.*  Each of these steps is generally required to satisfy the exhaustion prerequisite.  An inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending.  *Meagher v. Dugger*, 737 F.Supp. 641, 643 (S.D. Fla. 1990).

Petitioner has not filed any administrative remedies seeking additional GCT.  (Doc. 4, exh. 6-¶7, exh. 5 attached).  Therefore, his petition must be dismissed for lack of jurisdiction.[1]

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 3) be DISMISSED and the clerk directed to close the file.

At Pensacola, Florida, this 14th day of July, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Even if the case were not subject to dismissal for lack of jurisdiction, the issue raised by the petitioner was decided adversely to him in the recent case of *Brown v. McFadden*, No. 04-14132, 2005 WL 1618739 (11th Cir. July 12, 2005).

*Case No: 3:04cv403/MCR/MD*